**SIGNED this 21 day of April, 2026.**



_____
**John T. Laney, III**
**United States Bankruptcy Judge**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **TIMOTHY JOSEPH BOYD,** | ) | **CHAPTER 11 BANKRUPTCY** |
| | ) | |
| Debtor. | ) | **CASE NO. 25-51694-JTL** |
| | ) | |
| | ) | |
| **W. CARL REYNOLDS, PC** | ) | |
| **Dba REYNOLDS, HORNE &** | ) | |
| **SURVANT** | ) | |
| | ) | **Adversary Proceeding No. 26-5002** |
| Plaintiff, | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **TIMOTHY JOSEPH BOYD** | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION ON THE DEFENDANT'S MOTION TO DISMISS

1

The above-styled matter came before the Court on a motion to dismiss filed by the Defendant, Timothy Joseph Boyd in this adversary proceeding filed by the Plaintiff, W. Carl Reynolds, PC, dba Reynolds, Horne & Survant. Def.'s Mot. to Dismiss, Doc. 5. The Defendant makes numerous claims as to the sufficiency of the Plaintiff's pleadings, as enumerated below. The Court grants the Defendant's motion as to Counts I and III and denies the Defendant's motion as to Counts II and IV.

## I.      FACTUAL FINDINGS AND PROCEDURAL POSTURE

The facts underlying this adversary proceeding arise from a fee-sharing agreement executed by the parties in 2020. Pl.'s Compl., Doc. 1, ¶ 16. From 2007 to 2020, the Defendant was employed as an attorney by the Plaintiff. The Plaintiff, and the Defendant as an agent of the Plaintiff, represented plaintiffs in personal injury matters. *Id.* at ¶ 10-11, 16. In 2020, the Defendant terminated his employment with the Plaintiff to open his own law firm, The Law Office of Joe Boyd, LLC, the "Boyd Law Firm." *Id*. at ¶ 11. Upon leaving, the parties exchanged letters memorializing the terms of their fee sharing agreement, together the Letter Agreements, attached to the Complaint at Exhibits A and B. *Id*. at ¶¶ 15-16; Exs. A and B. Notably, neither party mentions the Thompson case in their letters, a case that, at that point, was in litigation and eventually generated a substantial recovery and attorneys' fees. *Id*. at Exs. A and B.

What occurred after remains in dispute. The parties agree, however, that Boyd Law Firm did not transfer funds to the Plaintiff for the Thompson case and there was otherwise a breakdown in the fee remittance procedure that was outlined in the Letter Agreements. Hr'g Held, Doc. 10. The parties disagree as to whether the conduct of the Defendant demonstrates at most a breach of contract or constitutes fraud.

The Defendant filed Chapter 11 bankruptcy on October 23, 2025, in part to address the indebtedness to the Plaintiff. Hr'g Held, Doc. 10. The Plaintiff initiated this adversary proceeding on January 26, 2026, contending that the debts owed to it by the Defendant should be deemed nondischargeable due to fraud and misconduct. Pl.'s Compl., Doc. 1. The Defendant filed this instant Motion to Dismiss on February 26, 2026. Def.'s Mot. to Dismiss, Doc. 5. The parties exchanged briefs and were heard on the matter on April 13, 2026, at which time the Court took the matter under advisement. Hr'g Held, Doc. 10.

## II.   LEGAL ANALYSIS AND CONCLUSIONS OF LAW

### a.   The Defendant's Contentions as to Counts II, II, and IV

The Court first addresses the Defendant's contention that the Plaintiff's Complaint fails to state a claim under which relief can be granted. The Defendant argues that the allegations as written represent impermissible shotgun pleading, that the Plaintiff's contentions constitute legal conclusions, and that the Plaintiff did not plead fraud with particularity so the affected Counts must be dismissed. Def.'s Supp. Br., Doc. 6.

#### i.   Counts II, III, And IV Should Not Be Dismissed for Shotgun Pleading.

The Defendant first argues that the Plaintiff's Complaint constitutes "shotgun pleading" and the offending Counts should be dismissed. Def.'s Supp. Br., Doc. 6. "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as "shotgun pleadings." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Shotgun pleading includes a form of pleading where the "complaint contain[s] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id*. at 1321. Typically, the incorporated factual allegations are too general and, therefore, "irrelevant" to

the claim alleged. *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). The Defendant argues that the Plaintiff's recitation of facts and reliance on legal conclusions demonstrate impermissible shotgun pleading. This Court disagrees.

The Defendant argues that the Plaintiff merely incorporated by reference a general set of facts and recited legal conclusions to support its claims for reformation and under §§ 523(a)(4) and (6). Def.'s Supp. Br., Doc. 6. The Court finds that the facts incorporated by the Plaintiff are directly relevant to the claim alleged. In fact, the Plaintiff seems to have intentionally incorporated only the relevant facts to each Count.

Count II, in the Complaint titled "Reformation – 11 U.S.C.A § 105," only incorporates by reference paragraphs 6 through 16 of the Plaintiff's Complaint. Pl.'s Compl., Doc. 1, ¶ 26. Those paragraphs outline the relationship between the parties and the background of the Letter Agreements. Pl.'s Compl., Doc. 1, ¶¶ 6-16. The Letter Agreements themselves are introduced in paragraphs 15 and 16. Pl.'s Compl., Doc. 1, ¶¶ 15-16. Count II requests reformation of the contract; thus, the facts of the relationship and the drafting of said contract would be relevant to support its claim. Pl.'s Compl., Doc. 1, ¶ 30. Because Count II requests reformation of the contract, the facts are relevant to the allegations, and the Plaintiff has alleged more than generic or irrelevant facts to support legal conclusions. The Court, therefore, does not dismiss Count II for shotgun pleading.

Count III incorporates by reference paragraphs 6 through 21 of the Plaintiff's Complaint. Pl.'s Compl., Doc. 1, ¶ 30. Count III alleges nondischargability due to defalcation. Pl.'s Compl., Doc. 1, ¶ 35. The facts recited in paragraphs 6 through 21 are relevant to the claim. The additional paragraphs incorporated specifically discuss the events after the execution of the Letter Agreements. Pl.'s Compl., Doc. 1, ¶¶ 17-21. These include facts about financial records of

4

the Defendant's accounts provided to the Plaintiff, and the existence of a "Reserve Fund" where the Defendant held funds that were disputed between the parties. *Id*. Plaintiff also included an additional fact in paragraph 34, within Count III, to support this allegation which claims that the Defendant disbursed funds entitled to the Plaintiff to the Boyd Law Firm. Pl.'s Compl., Doc. 1, ¶ 34. These facts demonstrate pleading that meets the standard set forth by the Eleventh Circuit and, thus, the Court does not dismiss Count III for shotgun pleading.

Count IV incorporates by reference paragraphs 6 to 21 and paragraph 34 of the Plaintiff's Complaint. Pl.'s Compl., Doc. 1, ¶ 35. Count IV alleges nondischargability due to willful and malicious injury. Pl.'s Compl., Doc. 1, ¶ 39. The facts are the same as incorporated in Count III but are relevant to this claim as well. The facts outline the relationship between the parties and, especially in paragraphs 19 and 20, include information about the Plaintiff's redirection of funds to the Boyd Law Group and not the Plaintiff. Pl.'s Compl., Doc. 1, ¶ 6-21, 34. These facts are relevant to this claim and are sufficient under the Eleventh Circuit standard for shotgun pleading. Thus, the Court does not dismiss Count IV for shotgun pleading.

### ii.        Counts II, III, And IV Should Not Be Dismissed Under 12(b)(6).

The Defendant also argues that the Complaint should be dismissed under Rule 12(b)(6). Def.'s Supp. Br., Doc. 6. Federal Rules of Bankruptcy Procedure Rule 7012 incorporates Federal Rule of Civil Procedure Rule 12 including Rule 12(b)(6) which states that a complaint can be dismissed for "failure to state a claim." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation omitted) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

The Defendant contends that the Plaintiff's Complaint merely recites legal conclusions which is not permissible under the Supreme Court's ruling in *Iqbal*. Def.'s Supp. Br., Doc. 6. The Supreme Court found that, "[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664. The Defendant argues that Counts II, III, and IV fail to allege sufficient facts to support the allegations and should be dismissed. Def.'s Supp. Br., Doc. 6. The Court disagrees.

"Determining whether a complaint states plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679. The Plaintiff incorporates the facts enumerated in the beginning of its complaint in each of the contested Counts and in Counts III and IV includes the fact alleged in paragraph 34. Pl.'s Compl., Doc. 1, ¶ 26, 30, and 35.

As to Count II, in the Complaint titled "Reformation – 11 U.S.C.A § 105," the Plaintiff claims that the omission of the Thompson case was the "direct and proximate result" of the Defendant's fraudulent misrepresentation. Pl.'s Compl., Doc. 1, ¶ 28. The Plaintiff claims, alternatively, that the omission was either a mutual or unilateral mistake which would justify reformation. *Id*. at 29. The Plaintiff supports this claim with paragraphs 6 through 16, which the Plaintiff incorporated as reference to this Count. *Id*. at ¶ 26. The facts as alleged, especially paragraphs 15 and 16, discuss the negotiations and execution of the Letter Agreements. *Id*. at ¶¶ 6-16. The Plaintiff claims that the Defendant knew that the Thompson case was in litigation and intentionally failed to include the case in the Letter Agreements. *Id*. at ¶¶ 15-16. The Court finds that the Plaintiff supported his claim sufficiently that, if the facts are taken as true, the Court can

make a reasonable inference as to the Defendant's liability. Therefore, the Count will not be dismissed under 12(b)(6).

As to Count III, in the Complaint titled "Dischargeablity – Section 523(a)(4)," the Plaintiff claims that the Defendant's failure to account for and disburse funds to the Plaintiff "constitutes defalcation by the [Defendant] while acting in a fiduciary duty." Pl.'s Compl., Doc. 1, ¶ 33. The Plaintiff includes that the Defendant had superior knowledge of the cases and had control over the funds at the time of the alleged defalcation. *Id*. at ¶ 31. The Count also incorporates paragraphs 6 through 21 by reference. *Id*. at ¶ 30. Included are paragraphs 19 and 20 which allege that the Defendant created a "Reserve Fund" that included the disputed fees between the Plaintiff and the Defendant and later directed the balance of that account to the Boyd Law Firm's general operating account. *Id*. at ¶¶ 19-20. The Court finds that the Plaintiff supported his claim sufficiently that, if taken as true, the Court can make a reasonable inference as to the Defendant's liability. Therefore, Count III will not be dismissed under 12(b)(6).

As to Count IV, in the Complaint titled, "Dischargeablity – Section 523(a)(6)," the Plaintiff claims that the Defendant failed to remit the fees entitled to the Plaintiff and instead directed the proceeds to the Boyd Law Firm, injuring the Plaintiff. Pl.'s Compl., Doc. 1, ¶¶ 36-39. The facts, including those alleged in Paragraphs 6 through 21 and 34 as incorporated by reference, support the Plaitniff's allegation, particularly Paragraphs 19 and 20, the facts of which were stated previously. Pl.'s Compl., Doc. 1, ¶¶ 6-21, 34. The Court finds that these facts sufficiently support this allegation and Count IV will not be dismissed under 12(b)(6).

**b. The Plaintiff's Complaint Properly States a Claim for Reformation.**

The Defendant argues that the Court should dismiss the Plaintiff's claim for reformation because the Court does not have the authority to reform a contract and, in the alternative, the

Plaintiff's claim fails to adequately plead fraud. Def.'s Supp. Br., Doc. 6. The Court finds that reforming a contract is within a bankruptcy court's power under § 105 and the Count is otherwise adequately pled.

### i.      Bankruptcy Courts Can Reform Contracts Under § 105.

The Defendant first argues that the Court does not have the power to reform a contract under § 105. Def.'s Supp. Br., Doc. 6. The Defendant argues that § 105 of the Bankruptcy Code does not create a private cause of action under which a Plaintiff can obtain relief. *Id*.

Section 105 gives bankruptcy courts the broad power to issue orders that are "necessary or appropriate to carry out the provisions" of the Bankruptcy Code. *In re Woodruff,* 213 B.R. 114, 115–16 (Bankr. W.D. Va. 1997). The Defendant is correct that this power is limited. Parties only can invoke the Court's equity powers, including its reformation power, in conjunction with another code provision. See *In re Rose,* 314 B.R. 663, 681 n. 11 (Bankr. E.D. Tenn. 2004). It does not create a private cause of action, as the Defendant states, but it does allow courts to broadly grant relief in conjunction with another cause of action. Like the relief requested in this case, bankruptcy courts have reformed written instruments in cases including state law contract claims in connection with provisions of the Bankruptcy Code. See *In re Trask,* 462 B.R. 268, 273 (Bankr. App. 1st Cir. 2011) (finding deed reformation based on mutual mistake appropriate in conjunction with § 544(a)).

In this case, the Plaintiff alleges nondischargeablity under §§ 523(a)(4) and (6) and requesting the reformation of the parties' contract under § 105 to establish damages. The Plaintiff is requesting reformation as relief in conjunction with other provisions of the Bankruptcy Code, thus reformation under § 105 would be an appropriate remedy in this case. Thus, the Plaintiff's claim for reformation under § 105 is not dismissed as a matter of law.

### ii.     The Plaintiff Adequately Pled Fraud in Accordance with Rule 9(b).

The Defendant then argues that the Plaintiff's claim for reformation should be dismissed under Rule 9(b) for failure to adequately plead fraud. Def.'s Supp. Br., Doc. 6. Under Georgia law, reformation of a written instrument is appropriate when "from mutual mistake or mistake common to both parties, an instrument does not express the true agreement of the parties" or "where there is mistake on one side, and fraud or inequitable conduct on the other." *Prince v. Friedman,* 42 S.E.2d 434, 436 (Ga. 1947). In this case, the Plaintiff alleges that the Defendant intentionally and fraudulently omitted the Thompson case from the Letter Agreement, making reformation based on unilateral mistake and fraud appropriate. Pl.'s Compl., Doc. 1, ¶¶ 15—16.

The Defendant claims that the Plaintiff's allegations fail to plead fraud with particularity as required by Rule 9(b). Def.'s Supp. Br., Doc. 6. Federal Rule of Bankruptcy Procedure Rule 7009 incorporates Federal Rules of Civil Procedure Rule 9. Rule 9(b) states, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." To comply with 9(b), the Eleventh Circuit has stated a complaint must:

> set forth (1) precisely what statements or omissions were made in which documents or oral representations; (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) them; (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendant obtained as a consequence of the fraud.

*FindWhat Inv'r Group v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011) (citations omitted). "The particularity rule serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." *Durham v. Bus. Mgt. Associates,* 847 F.2d 1505, 1511 (11th Cir. 1988) (internal quotations omitted).

The Defendant claims that the Plaintiff did not adequately plead justifiable reliance 9(b). The Defendant cites the five elements of fraud under Georgia law: "a false representation by a defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff." *Overlook Gardens Properties, LLC v. Orix, USA, LP,* 884 S.E.2d 433, 443 (Ga. App. 2023). The facts as pled include that the Thompson case was omitted intentionally by the Defendant from the Letter Agreements drafted by and executed by both parties and, thus, the Boyd Law Firm and the Defendant retained the fees the Plaintiff believes should have been remitted to it. Pl.'s Compl., Doc. 1, ¶¶ 15-16, 20, 34. The Plaintiff also included that the Letter Agreement purported to "identif[y] all cases of the Debtor then in litigation." *Id*. at ¶ 28. The Court finds that this inclusion is sufficient to notify the Defendant about how the Plaintiff will claim that it justifiably relied on the Defendant's representation. These pled facts together sufficiently alert the Defendant as to what misconduct he is charged with and the facts to be proven at trial. Therefore, the Court finds that the fraud claim is adequately pled under Rule 9(b).

### c. The Plaintiff Did Not Adequately Plead to the Existence of a Fiduciary Relationship between the Plaintiff and Defendant under §523(a)(4).

The Defendant also argues that the Plaintiff did not adequately plead fiduciary duty or embezzlement requisite for a claim under § 523(a)(4). Def.'s Supp. Br., Doc. 6. Section 523(a)(4) excepts from discharge any claim for a debt resulting from "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." The Plaintiff pleads that Defendant had a fiduciary duty to the Plaintiff to maintain and produce the funds entrusted to the Boyd Law Firm and the Defendant for the benefit of the Plaintiff. Pl.'s Compl., Doc. 1, ¶¶ 31-35. The Defendant

10

argues that the Letter Agreements created a mere contractual agreement that did not impose an additional fiduciary duty on the Defendant. Def.'s Supp. Br., Doc. 6.

The relationship between the parties, as pled, is inadequate to support a claim for defalcation because the Plaintiff failed to adequately plead that the Defendant owed the Plaintiff a fiduciary duty. The Eleventh Circuit enumerated the elements and considerations for establishing a fiduciary duty as follows:

> First, the fiduciary relationship must have (1) a trustee, who holds (2) an identifiable trust res, for the benefit of (3) an identifiable beneficiary or beneficiaries. This tracks the traditional and narrow definition of trusts in early Supreme Court cases as well as our own approach and the approach taken by bankruptcy courts in this Circuit. Second, the fiduciary relationship must define sufficient trust-like duties imposed on the trustee with respect to the trust res and beneficiaries to create a technical trust. Based on our caselaw, the two most important trust-like duties, and the ones that we have held create a technical trust, are the duty to segregate trust assets and the duty to refrain from using trust assets for a non-trust purpose. Third, the debtor must be acting in a fiduciary capacity before the act of fraud or defalcation creating the debt.

*In re Forrest*, 47 F.4th 1229, 1241 (11th Cir. 2022) (citation omitted).

The facts and allegations, as set forth by the Plaintiff, fail to sufficiently establish that the Defendant owed the Plaintiff a fiduciary duty. The Plaintiff does not allege, nor do the Letter Agreements include, enumerated duties by the Defendant to segregate the Defendant's owed funds or to refrain from using the funds for any non-trust purpose. While the allegations sufficiently allege a contractional relationship between the parties, the Plaintiff does not include the elements of fiduciary duty as required by the Eleventh Circuit. Thus, unless amended, the Court dismisses Count III.

### d.  The Plaintiff Adequately Pled "Willful and Malicious Injury" under § 523(a)(6).

The Defendant finally argues that the Plaintiff failed to adequately plead that the Defendant injured the Plaintiff willfully and maliciously. Def.'s Supp. Br., Doc. 6. Under §

523(a)(6), a debt may be found to be nondischargeable if the debt was incurred due to "willful and malicious injury by the debtor to another entity or to the property of another entity."

The Defendant argues that the Plaintiff did not allege sufficient facts to support an allegation of willful and malicious injury because it failed to include facts about the Defendant's motive to inflict injury. Def.'s Supp. Br., Doc. 6. The Court disagrees. Rule 9(b) states, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." The Eleventh Circuit, in determining what is required for pleading intent under Rule 9(b) states, "it is sufficient to plead the who, what, when, where, and how of the [conduct] and then allege generally that [the conduct was done] with the requisite intent." *Mizzaro v. Home Depot, Inc.,* 544 F.3d 1230, 1237 (11th Cir. 2008). In its complaint, the Plaintiff alleges that the Defendant "acted willfully and maliciously" in directing funds owed to the Plaintiff to the Boyd Law Firm to benefit the Defendant. Pl.'s Compl., Doc. 1, ¶¶ 38. The Plaintiff incorporates by reference facts that include the transfer of funds including disputed fees by the Defendant to a Reserve Fund and later to the Boyd Law Group instead of to the Plaintiff. *Id.* at 35. The Court finds that the facts as pled demonstrate the "who, what, when, where, and how" sufficiently and that the Plaintiff was allowed to allege generally that the conduct was willful and malicious. Thus, the Court finds these facts sufficient to meet the standard for Rule 9(b) and does not dismiss Count IV.

e.      **The Plaintiffs Did Not Adequately Plead Justifiable Reliance under § 523(a)(2)(A).**

Finally, the Defendant argues the Plaintiff failed to adequately plead Count I, the Plaintiff's claim under § 523(a)(2)(A). Def.'s Supp. Br., Doc. 6. Section 523(a)(2)(A) excepts from discharge a claim "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by… false pretenses, a false representation, or actual fraud…" A

claim under § 523(a)(2)(A) requires "(1) the debtor made a false representation with intent to deceive the creditor; (2) the creditor relied on the representation; and (3) the creditor sustained a loss as a result of the representation. Moreover, the creditor's reliance must be justified." *In re Bilzerian*, 100 F.3d 886, 892 (11th Cir. 1996) (citations omitted). The Defendant argues that the Plaintiff failed to adequately plead justifiable reliance on the Defendant's representations. Def.'s Supp. Br., Doc. 6. This Court agrees.

The Complaint states that the Plaintiff relied on the representation of the Debtor that included a written statement by the Debtor that he had included all cases in litigation. Pl.'s Compl., Doc. 1, ¶ 15. The Complaint, however, fails to provide facts about why the Plaintiff was justifiable in believing that the Defendant's representations were reliable. The Plaintiff merely alleges "RHS justifiably relied on [the] representation." *Id*. at ¶ 25. That the Plaintiff's reliance was justified is a legal conclusion reciting an element of the cause of action and "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555. (quoting *Papasan v. Allain*, 478 U.S. 265, (1986)). Thus, unless amended, the Court dismisses Count I.

## III.    CONCLUSION

For the aforementioned reasons, the Court **GRANTS** the Defendant's motion as to Counts I and III unless otherwise amended. The Court **DENIES** the Defendant's motion as to Counts II and IV. The Court will enter an order accordingly.