**SIGNED this 20 day of July, 2026.**



_____
**John T. Laney, III**
**United States Bankruptcy Judge**

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **TIMOTHY JOSEPH BOYD,** | ) | **CHAPTER 11 BANKRUPTCY** |
| | ) | |
| Debtor. | ) | **CASE NO. 25-51694-JTL** |
| | ) | |
| | ) | |
| **W. CARL REYNOLDS, PC** | ) | |
| **d/b/a REYNOLDS, HORNE &** | ) | |
| **SURVANT** | ) | |
| | ) | **Adversary Proceeding No. 26-5002** |
| Plaintiff, | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **TIMOTHY JOSEPH BOYD** | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION ON THE DEFENDANT'S
## RENEWED MOTION TO DISMISS

1

This matter comes before the Court on a renewed motion to dismiss filed by the Defendant, Timothy Boyd. The Defendant argues that the amended complaint filed by the Plaintiff, W. Carl Reynolds, PC, amending Counts I and III again fails to state a claim under which relief can be granted. This Court disagrees as to Count I but agrees as to Count III.

## I.      FACTUAL FINDINGS AND PROCEDURAL POSTURE

The facts of this case are generally unchanged from this Court's original memorandum opinion on the Plaintiff's first motion to dismiss. Mem. Op., Doc. 11. Those facts are incorporated by reference. In accordance with its findings in its memorandum opinion, the Court entered an order granting the Defendant's original motion to dismiss as to Counts I and III and denying the Defendant's motion as to Counts II and IV on April 21, 2026. Order, Doc. 12. In the Court's order, the Court gave leave to the Plaintiff to amend its complaint. *Id*. Platiniff filed an amended complaint on May 5, 2026. Pl's. Am. Compl., Doc 15. The Defendant filed this renewed motion to dismiss on May 18, 2026. Renewed Mot. to Dismiss, Doc. 17. After the parties completed briefing, the Court heard the parties' arguments on July 16, 2026, and took the matter under advisement. Hr'g Held, Doc. 23.

## II.      LEGAL ANALYSIS

### a.   The Court denies the Defendant's motion as to Count I.

The Defendant moves the Court to dismiss Count I of the Plaintiff's complaint contenting that the facts as pled do not support a claim for nondischargeablity. A motion to dismiss should be granted if "it appears beyond all doubt that the plaintiffs can prove no set of facts that would entitle them to relief." *Exec. 100, Inc. v. Martin Cnty.,* 922 F.2d 1536, 1539 (11th Cir. 1991). The Court finds that the facts as pled do not preclude the Plaintiff from proving a set of facts and circumstances under which relief could be granted.

A claim for nondischargability under § 523(a)(2)(A) requires "(1) the debtor made a false representation with intent to deceive the creditor; (2) the creditor relied on the representation; and (3) the creditor sustained a loss as a result of the representation. Moreover, the creditor's reliance must be justified." *In re Bilzerian*, 100 F.3d 886, 892 (11th Cir. 1996) (citations omitted). The Defendant's instant motion focuses on the final element of justifiable reliance.

The Defendant argues that the Plaintiff's amendment makes admissions that concede that the Plaintiff's reliance on the Defendant was unjustified. The Plaintiff's amended complaint states:

> When a lawsuit is filed on any case, it is the responsibility of the responsible attorney to ensure that the status of the file is changed to "litigation" in the case management system. The Thompson complaint was filed on February 2020 by the Debtor, but the status of the Thompson case was never changed to "litigation" in the case management system. Two paralegals that left the firm with the Debtor were the only paralegals that had worked on the cases for which the Debtor was the responsible attorney. Because the status of the Thompson file had not been changed to "litigation", *there was no means for RHS to determine that it was in litigation at the time of the June 15, 2020 letter other than through a manual review of each of the files in the firm's possession…* Accordingly, RHS justifiably relied on the representation of the Debtor in his June 15, 2020 letter that it identified all cases then in litigation taken by him in not including that case in the Agreement[.]

Pl's. Am. Compl., Doc 15 (emphasis added).

The Defendant states that the Plaintiff's admission that a "manual review of each of the files in the firm's possession" would have revealed the status of the Thompson case concedes that the Plaintiff could have discovered the omission and failed to do so. Renewed Mot. to Dismiss, Doc. 17. The Defendant paints his own failure to change the status of the case as a failure of internal controls and within the control of the Plaintiff which it should have discovered.

*Id*. Because of the Plaintiff's admissions in its complaint, the Defendant argues that the Count should be dismissed for failure to state a claim. This Court disagrees.

The question of justifiable reliance is a "subjective test" that examines the "facts and circumstances of the case." *In re Bucciarelli*, 429 B.R. 372, 376 (Bankr. N.D. Ga. 2010) *See also Field v. Mans,* 516 U.S. 59, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995); *In re Vann,* 67 F.3d 277, 283 (11th Cir.1995). "The inquiry will thus focus on whether the falsity of the representation was or should have been readily apparent to the individual to whom it was made." 4 Collier on Bankruptcy P 523.08. Justifiable reliance does not, however, impose a duty to investigate the veracity of a party's statement. *Field v. Mans*, 516 U.S. 59, 77 (1995).

Here, the parties sufficiently pled a claim under § 523(a)(2)(A). The justifiability of the Plaintiff's reliance on the Defendant's statements that the "remainder of [his] cases in litigation" and "all cases" as expressed in his letter to the Plaintiff remains a question requiring more facts and evidence that may prove the Plaintiff's reliance was justified. The Plaintiff adequately pled that the Defendant's failure to change the status of the case in the firm's database and subsequent omission of the Thompson case from his letter formed the basis of the Plaintiff's justifiable reliance on the Defendant's representation. The Defendant's claim that the Plaintiff admitted an investigation would have uncovered the Defendant's omission of the Thompson case is merely one fact relevant to the inquiry of justifiable reliance, not a dispositive admission. The same is true as to the Defendant's claim that the employees of the Plaintiff's law firm would have been imputed to know that the litigation status had not been changed. These facts may be relevant to proving the element at trial, but are not sufficient to find that, as a matter of law, no set of facts could be proven to support this claim. The Court, therefore, will not dismiss Plaintiff's Count I.

The Defendant argues, in the alternative, the Plaintiff's allegations fail to plead fraud with particularity as required by Rule 9(b).  Federal Rule of Bankruptcy Procedure Rule 7009 incorporates Federal Rules of Civil Procedure Rule 9. Rule 9(b) states, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." To comply with 9(b), the Eleventh Circuit has stated a complaint must:

> set forth (1) precisely what statements or omissions were made in which documents or oral representations; (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) them; (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendant obtained as a consequence of the fraud.

*FindWhat Inv'r Group v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011) (citations omitted).

Here, the amendments to the Plaintiff's allegation adequately pled fraud under 9(b). In its amended Complaint at inserted paragraph 25(b), the Plaintiff alleges that the Thompson case was omitted in the June 15, 2020 Letter sent from the Defendant to the Plaintiff satisfying the identification of the statement or omission and the time and place requirements set by the Eleventh Circuit. Pl's. Am. Compl., Doc 15. The Plaintiff also described in paragraph 22 of its original complaint that the Defendant represented that the cases in the letter represented all the cases in litigation omitting the Thompson case which satisfied the third element. Pl.'s Compl, Doc. 1. Finally, paragraph 24 of the Plaintiff's original complaint states the share of the fees that belonged to the Plaintiff were directed to the Boyd Law Firm and to the Defendant for his own benefit enumerating what the defendant obtained by making the misstatement as required by the Eleventh Circuit. *Id*. Thus, the elements required by the Eleventh Circuit are met and the Court will not dismiss Plaintiff's Count I on these grounds.

5

### b. The Court grants the Defendant's motion as to Count III and dismisses the claim with prejudice.

The Defendant also moves the Court to dismiss Count III of the Plaintiff's complaint. Count III of the Plaintiff's complaint alleges that the Defendant had a fiduciary duty to the Plaintiff because their correspondence created a trust making the debt nondischargeable under § 523(a). This Court finds that a trust has not been alleged to and dismisses Count III.

The fiduciary duty and trusts protected by the Eleventh Circuit and by the Supreme Court are narrow in nature. A trust must have the following elements:

> First, the fiduciary relationship must have (1) a trustee, who holds (2) an identifiable trust res, for the benefit of (3) an identifiable beneficiary or beneficiaries. This tracks the traditional and narrow definition of trusts in early Supreme Court cases as well as our own approach and the approach taken by bankruptcy courts in this Circuit. Second, the fiduciary relationship must define sufficient trust-like duties imposed on the trustee with respect to the trust res and beneficiaries to create a technical trust. Based on our caselaw, the two most important trust-like duties, and the ones that we have held create a technical trust, are the duty to segregate trust assets and the duty to refrain from using trust assets for a non-trust purpose. Third, the debtor must be acting in a fiduciary capacity before the act of fraud or defalcation creating the debt.

*In re Forrest*, 47 F.4th 1229, 1241 (11th Cir. 2022) (citation omitted).

This Court previously found that the parties did not create a trust in the Letter Agreements because the parties did not include enumerated duties for the Plaintiff to segregate the Defendant's owed funds or to refrain from using the funds for any non-trust purpose. Mem. Op., Doc. 11. In an attempt to cure these deficiencies, the Plaintiff inserts paragraph 32(a) into its complaint, which includes facts that it was the parties' "intention" to create a trust and that the Defendant would hold the funds and then disperse the funds upon collection of a settlement. Pl's. Am. Compl., Doc 15. The amended complaint, however, still fails to plead, and the Letter Agreements do not contain any facts that support, the allegation that the Defendant was to

segregate the funds or that the Defendant had a duty to refrain from using the settlement funds for a non-trust purpose required by the Eleventh Circuit to form a trust. The Plaintiff asked the Court during oral argument to infer these implicit duties from the written agreements and the conduct of the parties. Such inferences would be inappropriate given the facts and evidence as pled.  Therefore, the Court finds that the Plaintiff did plead facts and circumstances that the execution of the agreement created an express trust for purposes of § 523(a)(4).

The Plaintiff also alleges that the Defendant had a technical trust that imposed a fiduciary duty on the Defendant for purposes of § 523(a)(4). The Plaintiff also claims that Rule1.15(I) of the Georgia Rules of Professional Conduct required the Defendant to hold the funds in trust for the benefit of the Plaintiff. This Court disagrees.

The Eleventh Circuit states that "'constructive' or 'resulting' trusts, which generally serve as a remedy for some dereliction of duty in a confidential relationship, do not fall within the § 523(a)(4) exception 'because the act which created the debt *simultaneously* created the trust relationship.'" *In re Fernandez-Rocha*, 451 F.3d 813, 816 (11th Cir. 2006) (quoting *Quaif v. Johnson*, 4 F.3d 950, 953 (11th Cir. 1993)) (emphasis in original). Thus, recovering based on the written agreement alone, without the creation of an express trust as defined by the *Forrest* case is insufficient to impose a fiduciary duty under § 523(a)(4).

The Plaintiff's argument that Rule 1.15(I) creates an express trust for the benefit of the Defendant. This argument also fails. Rule 1.15(I) states, in part,

> (a)     A lawyer shall hold funds or other property of clients or third persons that are in a lawyer's possession in connection with a representation separate from the lawyer's own funds or other property. Funds shall be kept in one or more separate accounts maintained in an approved institution as defined by Rule 1.15 (III) (c) (1). Other property shall be identified as such and appropriately safeguarded. Complete records of such account funds and other property shall be

kept by the lawyer and shall be preserved for a period of six years after termination of the representation.

(b)      For the purposes of this rule, a lawyer may not disregard a third person's interest in funds or other property in the lawyer's possession if:

(1)   the interest is known to the lawyer, and

(2)   the interest is based upon one of the following:

(i)   A statutory lien;

(ii)   A final judgment addressing disposition of those funds or property; or

(iii)   A written agreement by the client or the lawyer on behalf of the client guaranteeing payment out of those funds or property.

The lawyer may disregard the third person's claimed interest if the lawyer reasonably concludes that there is a valid defense to such lien, judgment, or agreement.

The Plaintiff argues that these professional requirements imposed on the Defendant by the State Bar create an express trust for its benefit. This argument is unpersuasive.

The Georgia Supreme Court reads the obligations imposed by Rule 1.15(I) on lawyers practicing within the jurisdiction very narrowly. In *Matter of Brown*, 904 S.E.2d 343 (Ga. 2024), the Georgia Supreme Court limited the protections of the trust to only between the lawyer and the lawyer's client. Furthermore, in *Matter of Ferguson*, 929 S.E.2d 231 (Ga. 2026) the Georgia Supreme Court narrowed the "third person's interest" in funds in a lawyer's trust to only those interests enumerated in Rule 1.15(I)(b), stating the entire rule should be read in "harmony." The Court applied the reading of third person to Rule 1.15(I) parts (c) and (d) as well. *Id*. These opinions do not create a trust or impose a general fiduciary duty to an outside party that may have an interest in the trust's funds outside of the types of interests written into the rule.

The Plaintiff, a law firm outside of the representation between the Defendant and his clients, is not protected by the trust requirements of Rule 1.15(I). The Plaintiff pled no facts that its interests would have been protected by Rule 1.15(I)(b) and the Letter Agreements do not

8

provide any support to that claim. The Plaintiff argued during the hearing that the funds were being held in trust so the Plaintiff would not sue the Defendant's clients for *quantum meruit*, but such a claim for the funds is still outside the bounds of the types of third-party claims protected under Rule 1.15(I)(b). Rule 1.15(I), therefore, does not create a trust for the benefit of the Defendant under which the Defendant would have owed the Plaintiff a fiduciary duty for purposes of § 523(a)(4).

For the reasons stated, the Court dismisses the Plaintiff's Count III. The Plaintiff has previously been given leave by this Court to amend its complaint. The Court finds that, based on the facts presented in the original complaint and the Plaintiff's amendment, the Plaintiff cannot prove a set of facts that entitle the Plaintiff to relief. *See Exec. 100, Inc. v. Martin Cnty.,* 922 F.2d at 1539. Thus, the Court dismisses Count III with prejudice.

### III.  CONCLUSION

For the aforementioned reasons, the Court **DENIES** the Plaintiff's motion as to Count I and **GRANTS** the motion as to Count III and **DISMISSES** the claim with prejudice. The Court will enter an order accordingly.

END OF DOCUMENT